**Ricardo ULLOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Ex Parte Ricardo Ulloa, Appellant.**

**Nos. 14–10–00102–CR, 14–10–00101–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 2011.

Discretionary Review Refused
Sept. 14, 2011.

Randy Schaffer, Houston, for appellant.

Erin Craig, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## OPINION

JEFFREY V. BROWN, Justice.

Ricardo Ulloa pleaded "no contest" to aggravated sexual assault and received

eight years' deferred adjudication. The State later filed a motion to adjudicate guilt. Ulloa filed a motion to withdraw his "no contest" plea and an application for writ of habeas corpus. The trial court denied both and sentenced Ulloa to fifteen years' imprisonment. Ulloa appeals both the motion and the application on the grounds that the evidence is factually insufficient to support the trial court's denial of the motion to withdraw his "no contest" plea because the plea was involuntary due to ineffective assistance of counsel. He also argues, in the alternative, that the evidence is factually insufficient to support the trial court's denial of habeas-corpus relief because the plea was involuntary due to ineffective assistance of counsel. We affirm.

## I

Ricardo Ulloa was indicted on August 2, 1995, for aggravated sexual assault. He pleaded "no contest" in exchange for eight years' deferred-adjudication probation. The terms of Ulloa's probation required him to attend sex-offender counseling through Baylor College of Medicine. Ulloa, who maintained his innocence, initially attended counseling but was discharged because he refused to admit his guilt. On June 5, 1996, the court modified Ulloa's probation conditions to allow him to attend a different counseling program, but he was again discharged for his refusal to admit to the assault. Ulloa shortly thereafter fled Houston to Columbus, Ohio, where he changed his name.

The State filed a motion to adjudicate guilt in May of 1997, alleging that Ulloa had violated several conditions of his probation. An amended motion was filed in 2000 in which the State alleged that Ulloa had failed to register as a sex offender. Ulloa was arrested on October 18, 2009, and subsequently filed a motion to withdraw his "no contest" plea as well as an application for writ of habeas corpus. Ulloa claimed his "no contest" plea was involuntary because his attorney failed to advise him that he would be discharged from sex-offender counseling and have his probation revoked if he did not admit guilt as part of the counseling program. Ulloa claims if he had known of this requirement he would have opted to take his case to trial.

The court held a joint evidentiary hearing on both the motion and application. Ulloa testified that his attorney, Juan Contreras, visited him while he was in a holdover cell following his arrest. Ulloa testified he rejected the State's initial offer of prison time, after which Contreras communicated to him that the State would offer ten years' deferred-adjudication probation if he pleaded "guilty," and that he would immediately be released from jail. Ulloa testified he told counsel he would not plead "guilty." Counsel again spoke to the prosecutor and then communicated to Ulloa that the State agreed he could plead "no contest" in exchange for eight years' deferred-adjudication probation. Ulloa testified he asked Contreras what "no contest" meant and that Contreras told him "[t]hat it's like not guilty" and that Ulloa would "not get convicted." Ulloa testified counsel did not inform him he would have to admit guilt at sex-offender counseling.

Contreras testified that he communicated each of the State's offers to Ulloa but did not remember if he told Ulloa he could go home immediately after pleading "guilty." Contreras confirmed Ulloa told him he would not plead "guilty" to a crime he did not commit. Contreras testified he did not recall a specific question from Contreras as to what a "no contest" plea entailed, but denied he would have answered such a question by saying it is like a "not guilty" plea or that Ulloa would not

be convicted. Contreras testified he could not remember the specifics of his conversation with Ulloa regarding sex-offender counseling, but said it is his practice to explain to clients in Ulloa's situation that sex-offender counseling entails admitting guilt, sometimes in a group setting. Specifically, Contreras testified, "I give special attention to the fact that you're going to be asked to admit what you did and maybe even asked for details . . ."

The trial court denied both the motion and the application, stating:

First of all, I want to make clear that in this situation in considering all the evidence presented, including the file and all the testimony—and, honestly, even if I believed every word the defendant said, I'm not sure you're entitled to relief. But having said that, I don't believe everything the defendant says. In fact, I think he was less than credible on the stand and less than credible in his writ. Be that as it may, I think the evidence that is before me indicates that the plea was freely and voluntarily given and that what happened was buyer's remorse, basically, is after the fact, he decided he didn't like what he got and he decided to leave town. So whatever the decision was, why ever the decision was made, that I believe that he understood what he was getting himself into. I believe the Judge appropriately admonished him. I believe his lawyer appropriately admonished him. I believe the probation officer appropriately admonished him and that he knew exactly what he was getting himself into and just did not like it once he got into it.

Ulloa has appealed the denial of both the motion and application, arguing the evidence is factually insufficient to support the trial court's denial of the motion to withdraw the "no contest" plea and, in the alternative, the denial of habeas-corpus re-

lief, because the plea was involuntary as a result of ineffective assistance of counsel.

## II

■ We first consider Ulloa's direct appeal of the trial court's denial of the motion to withdraw Ulloa's "no contest" plea. In his brief, Ulloa acknowledges we must consider his application for habeas-corpus relief only if we determine Ulloa's direct appeal is not proper.

■ Under Texas law, a judge may defer the adjudication of guilt of a particular defendant and place him on "community supervision" (i.e., probation) if he pleads "guilty" or "no contest." Tex.Code Crim. Proc. art. 42.12, § 5(a). If such a defendant wishes to raise issues related to his plea or deferred adjudication, he must do so on direct appeal from the deferred-adjudication order immediately after it is imposed; he may not wait until after he violates the terms of his probation and is found guilty. See Manuel v. State, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999); Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd).

Here, Ulloa pleaded "no contest" and received deferred adjudication probation in January 1996. Fourteen years later, Ulloa was arrested, and only then filed a motion to withdraw his plea, which the trial court denied on the same day his guilt was adjudicated and his probation was revoked. Ulloa could have filed a motion to withdraw his "no contest" plea following his original plea hearing; his failure to do so precludes us from now hearing the merits of his complaint on direct appeal. Accordingly, we do not address the merits of Ulloa's direct appeal from the trial court's denial of his motion to withdraw the plea. See Manuel, 994 S.W.2d at 662; Hanson, 11 S.W.3d at 288.

## III

■ Having determined we may not consider Ulloa's direct appeal of the trial court's denial of his motion to withdraw his "no contest" plea, we turn to his appeal from the trial court's denial of his application for habeas-corpus relief. A defendant may apply for a writ of habeas corpus seeking relief from an order of community supervision if direct appeal is not available under article 44.02 of the Code of Criminal Procedure and Rule 25.2 of the Texas Rules of Appellate Procedure. *See* Tex. Code Crim. Proc. art. 11.072, §§ 1, 3(a); *Jordan v. State,* 54 S.W.3d 783, 786 (Tex. Crim.App.2001). To apply for relief, a defendant must be, or have been, on community supervision and challenge the legal validity of the order in which community supervision was imposed or the conditions of community supervision. *See* Tex.Code Crim. Proc. art. 11.072, § 2(b). Jurisdiction is conferred upon this court to hear an appeal of such an application. *See id.* § 8. Because Ulloa challenges the order in which community supervision was imposed by, in essence, challenging the voluntariness of his plea, and because we have already determined *Manuel* bars direct appeal of his claim with no exception afforded by article 44.02 of the Code of Criminal Procedure or Rule 25.2 of the Texas Rules of Appellate Procedure, we proceed to consider his appeal of the trial court's denial of his application for habeas-corpus relief.

■ The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex.Crim.App.2006). In reviewing the trial court's ruling on a habeas-corpus application, we must review the record evidence in the light most favorable to the trial court's ruling, and we must uphold that ruling absent an abuse of discretion. *Id.* We decide whether a trial court abused its discretion by determining whether the court acted arbitrarily or unreasonably. *Lyles v. State,* 850 S.W.2d 497, 502 (Tex. Crim.App.1993). However, we will defer to and accept a trial judge's findings of fact and conclusions of law when they are supported by the record. *Ex parte Reed,* 271 S.W.3d 698, 727 (Tex.Crim.App.2008).

The basis for Ulloa's application for habeas-corpus relief is that his "no contest" plea was involuntary because his trial counsel failed to inform him that sex-offender counseling would require him to admit his guilt. Ulloa maintains he would have chosen to go to trial if he had known of this condition on his deferred-adjudication probation. Furthermore, because he has maintained his innocence, Ulloa further argues it is incomprehensible that he would have accepted the plea bargain had he been informed of the consequences of denying guilt during sex-offender counseling. Accordingly, Ulloa argues the evidence is factually insufficient to support the trial court's denial of habeas-corpus relief because the court's credibility determination is against the great weight and preponderance of the evidence.[1]

---

1. A majority of the judges on the Court of Criminal Appeals have determined that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, JJ.); *id.* at 926 (Cochran, J., concurring, joined by Womack, J.) (same conclusion as plurality); *see also Pomier v. State,* 326 S.W.3d 373, 378 (Tex.App.-Houston [14th Dist.] 2010, no pet.). However, *Brooks* is inapplicable here because in a habeas-corpus proceeding the burden is on the applicant to prove his allegations only

 A plea is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel. *See Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim.App.1980). The trial court must set aside an involuntary plea and the trial court reversibly errs when it fails to do so. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex.Crim.App.1975). When a defendant challenges the voluntariness of a plea entered upon the advice of ineffective counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would have pleaded "not guilty" and insisted on going to trial. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App.1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Similarly, an applicant for habeas-corpus relief must show his trial counsel's advice with respect to accepting a plea offer did not fall within the wide range of competence demanded of attorneys in criminal cases, and that but for the attorney's deficiencies, the applicant would not have accepted the offer but would have insisted on going to trial. *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex.Crim.App.2009).

 There is a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim. App.2005) (citing *Strickland*, 466 U.S. at

687, 104 S.Ct. 2052). As with other types of ineffective-assistance-of-counsel claims, the appellant has the burden to show by a preponderance of the evidence that counsel's performance fell below a reasonable standard of competence. *See Ex parte Moody*, 991 S.W.2d 856, 858 (Tex.Crim. App.1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim. App.1999).

The only evidence presented as to counsel's ineffectiveness was Ulloa's uncorroborated testimony that Contreras failed to inform him he would have to admit his guilt through sex-offender counseling. At the hearing on the motion and application, the trial court heard testimony from both Ulloa and Contreras. Contreras testified that while he could not remember specifics from his conversation with Ulloa, it was his policy to give "special attention" to informing his clients that successful completion of sex-offender counseling typically requires an admission of guilt. Contreras further testified he was "sure" he explained the terms of Ulloa's probation and would have "disclosed everything to him that I knew that I thought that he needed to know." Contreras also testified he would not have told Ulloa a "no contest" plea was the same as a "not guilty" plea. The trial court also heard Ulloa's contradictory testimony and found him to be "less than credible."

As the fact finder, the trial judge was entitled to believe Contreras properly informed Ulloa of the ramifications of a "no contest" plea and the requirements of his deferred-adjudication probation, and it was also within the trial court's discretion to

by a preponderance of the evidence, not beyond a reasonable doubt. *See Kniatt*, 206

S.W.3d at 664.

772

disbelieve Ulloa's testimony to the contrary.[2] *See Kniatt*, 206 S.W.3d at 664; *Reed*, 271 S.W.3d at 727. We cannot say the trial court acted unreasonably or arbitrarily in finding Ulloa received effective assistance of counsel and that his plea was voluntary. *See Lyles*, 850 S.W.2d at 502. We overrule the sole issue in Ulloa's appeal from the trial court's denial of his application for habeas-corpus relief.

\* \* \*

For the foregoing reasons, we affirm the trial court's judgments denying both Ulloa's motion to withdraw his plea and his application for habeas-corpus relief.

2. Ulloa argues that Contreras's alleged failure to inform him of the consequences of denying guilt at sex-offender counseling is similar to *Ex parte Gallegos*, 511 S.W.2d 510, 513 (Tex. Crim.App.1974). Gallegos pleaded "guilty" to robbery by assault stemming from a jail break in which multiple prisoners took a guard's jail keys. The appeals court found Gallegos's counsel ineffective because counsel failed to advise Gallegos of how the facts of his case related to Texas law on robbery, thus preventing Gallegos's "guilty" plea from being knowingly and voluntarily entered. Gallegos, 511 S.W.2d at 513. *Gallegos*, however, is not instructive in the case before us for two reasons. First, the *Gallegos* court employed the "reasonably effective assistance" standard, which has since been replaced by the two-pronged *Strickland* test. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). Second, in *Gallegos* there was no testimony from Gallegos's counsel contradicting the assertion that counsel failed to competently advise Gallegos. Here, Ulloa's trial counsel (Contreras) testified in contradiction of Ulloa's testimony, and the trial court was entitled to believe Contreras.