

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00426-CR

ROBERT PAUL RAINCSUK                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robert Paul Raincsuk attempts to appeal the trial court's May 29, 2012 deferred adjudication community supervision order assessing six months of community supervision, a $100 fine, and $190 in court costs for his misdemeanor terroristic threat charge. The trial court's certification of his right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal."

---

[1]*See* Tex. R. App. P. 47.4.

On September 17, 2012, we notified Appellant about the statement on the trial court's certification and informed him that unless he or any party desiring to continue the appeal filed with the court, on or before September 27, 2012, a response showing grounds for continuing the appeal, the appeal may be dismissed.[2]  *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.  Appellant's response does not show grounds for continuing the appeal.[3]  *See* Tex. R. App. P. 25.2(a)(2)(A), (B), (d).  Therefore, we dismiss the appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f).

                                        BOB MCCOY
                                        JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 25, 2012

---

[2]Additionally, Appellant filed a motion for new trial on June 18, 2012, extending the time for filing his notice of appeal until August 27, 2012, but he did not file his notice of appeal until September 12, 2012.  *See* Tex. R. App. P. 26.2(a)(2).

[3]Appellant raised ineffective assistance, but this must be raised by petition for writ of habeas corpus in a plea bargain case.  *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005); *see also Ulloa v. State*, 370 S.W.3d 766, 770 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (stating that a defendant may apply for a writ of habeas corpus seeking relief from an order of community supervision if direct appeal is not available under code of criminal procedure article 44.02 and rule of appellate procedure 25.2).