**Opinion issued February 26, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00042-CR**
**NO. 01-14-00195-CR**

———————————

**EX PARTE DUSTIN WAYNE GLENN**

---

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case Nos. CV-70368, CV-70369**

---

## MEMORANDUM OPINION

Appellant, Dustin Wayne Glenn, challenges the trial court's orders denying

his applications for writs of habeas corpus.[1]  In his sole issue, appellant contends

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2005) (providing person
        confined or restrained from conviction of misdemeanor offense may apply for writ

that the trial court erred in denying him relief from two judgments of conviction for the misdemeanor offenses of criminal trespass[2] and resisting arrest[3] on his asserted ground that he had received ineffective assistance of counsel in both cases.

We affirm.

## Background

On October 22, 2012, after appellant pleaded guilty to two separate felony offenses of aggravated assault with a deadly weapon,[4] the 405th District Court of Galveston County deferred adjudication of his guilt and placed him on community supervision for five years.

On January 24, 2013, appellant, while on community supervision, pleaded nolo contendere in the trial court to the misdemeanor offenses of criminal trespass and resisting arrest. In his plea papers, appellant acknowledged that his counsel, appointed to defend him in the trial court, had "fully discussed" his cases with him. Also, appellant understood that because he was on community supervision, "[his] plea[s] of guilty or nolo contendere [could] result in the revocation of [his]

---

of habeas corpus); *see also State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (same).

[2] *See* TEX. PENAL CODE ANN. § 30.05 (Vernon Supp. 2014); appellate cause number 01-14-00195-CR; trial court cause number CV-70369.

[3] *See* TEX. PENAL CODE ANN. § 38.03(a) (Vernon 2011); appellate cause number 01-14-00042-CR; trial court cause number CV-70368.

[4] *See* TEX. PENAL CODE ANN. § 22.02 (Vernon 2011); appellate cause numbers 01-13-00640-CR & 01-13-00641-CR; trial court cause numbers 12CR2237 and 12CR2238.

2

community supervision or parole resulting in [his] further confinement." Appellant's counsel also signed the plea papers, affirming that he had "fully explained all of the matters contained in [the papers] to appellant."

Prior to accepting appellant's pleas, the trial court admonished appellant of the consequences of his pleas. It then accepted appellant's pleas, found him guilty of each offense, and sentenced him to confinement for fifteen days in each case, with the sentences to run concurrently.

Appellant subsequently filed his post-conviction applications for writs of habeas corpus, arguing that he entered his pleas involuntarily because he "did not receive accurate advice [regarding] the effect of [his pleas]" on his community supervision. According to appellant, his counsel in the trial court, "knowing that [appellant] was on felony probation, advised [him] that [he] could get out of jail [following his pleas] and confer personally with [his] felony probation officer in order to minimize the effect of his conviction[s] [for criminal trespass and resisting arrest] on [his] probation." However, appellant was not released from confinement after pleading guilty, and the State moved to adjudicate his guilt on the two felony offenses of aggravated assault with a deadly weapon. As grounds for adjudication, the State alleged, among other grounds, that appellant's commission of the offenses of criminal trespass and resisting arrest violated the conditions of his community supervision. The 405th District Court adjudicated appellant's guilt and

3

sentenced him to confinement for twelve years for each offense of aggravated assault with a deadly weapon, with the sentences to run concurrently.

In his unsworn declaration, attached to his applications for writs of habeas corpus, appellant explained:

> I first met [my counsel in the trial court] when I was brought in for the misdemeanor jail docket for resisting arrest and criminal trespassing charges. I had never met him before. . . . [Counsel] spent twenty to thirty minutes with me. He asked me for an explanation for the[] charges and I told him that I was not guilty. I was not trespassing at my sister's place of residence because I had been living there for at least three weeks when the police came. I told. . . . [counsel] that all my property was at my sister's and I received my mail: bills and bank statements, there. . . . I explained to . . . [counsel] that I was intoxicated the night that the police came for me, I had fallen asleep and I woke up being roughly handcuffed by the police. I explained to . . . [counsel] that I did not fight or resist the police, but merely asked for an explanation of what was going on and why I was being arrested.
>
> . . . [Counsel] explained to me that, if I plead guilty to the misdemeanor offenses, I could get out of jail, . . . go see my probation officer and explain to [him] what had happened to me. . . . [counsel] knew I was on felony probation because I told him about it and he told me that he had my paperwork with him. I relied on . . . [counsel] telling me that I would get out of jail if I plead guilty, but, if I didn't plead guilty, then I would be in jail for a long time. . . .
>
> But I did not get out of jail that day . . . . Later that day, . . . [t]he sergeant told me that "they" had violated my probation that same day and put a $120,000 bond on me. . . .
>
> A week or two later, I received a copy of the motion to get me off probation. . . . I learned that two of the things that "they" were violating me for were the misdemeanor charges that I told . . . [counsel] that I did not do.

The trial court denied appellant's applications.

## Standard of Review

An applicant for a writ of habeas corpus bears the burden of proving his allegations by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We view the evidence in the light most favorable to the trial court's ruling, and we afford almost total deference to the court's determination of historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We afford the same amount of deference to the trial court's rulings on "application of law to fact questions" that involve an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d at 819. In such instances, we use an abuse of discretion standard. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). However, if resolution of those ultimate questions turns on an application of legal standards, we review those determinations de novo. *Ex parte Peterson*, 117 S.W.3d at 819. We will affirm the trial court's decision if it is correct on any theory of law applicable to the case. *Ex parte Primrose*, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997, pet. ref'd).

**Ineffective Assistance of Counsel**

In his sole issue, appellant argues that he entered his pleas of nolo contendere in both misdemeanor cases involuntarily because he received ineffective assistance of counsel.

To be valid, a plea must be entered voluntarily, knowingly, and intelligently. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2014); *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008); *Ex parte Karlson*, 282 S.W.3d 118, 128–29 (Tex. App.—Fort Worth 2009, pet. ref'd). A plea is not voluntarily and knowingly entered if it is made as a result of ineffective assistance of counsel. *Ulloa v. State*, 370 S.W.3d 766, 771 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

We apply the two-pronged test of *Strickland v. Washington* to challenges to pleas premised on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). Under S*trickland*, in order to establish ineffective assistance of counsel, a defendant must show (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; *see also Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Any

allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). The "failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In the context of pleas, the focus of the prejudice inquiry is "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Therefore, in order to satisfy *Strickland*'s prejudice prong, when a defendant has pleaded guilty or nolo contendere, he "must show that there is a reasonable probability that, but for counsel's errors, he *would not have pleaded guilty* and *would have insisted on going to trial.*" *Hill*, 474 U.S. at 59, 106 S. Ct. at 370 (emphasis added); *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999).

Here, although appellant asserts in his unsworn declaration that he "relied on" counsel's advice, appellant has presented no evidence that, but for his counsel's deficient performance, he would not have pleaded nolo contendere and

would have insisted on proceeding to trial in both misdemeanor cases. Notably, appellant did not include in his unsworn declaration such an assertion. Moreover, appellant did not allege in his applications for writs of habeas corpus that he would have proceeded to trial.

Without evidence in the record that appellant would have insisted on proceeding to trial, he cannot establish the second prong of the *Strickland* test. *See Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005) ("'If the defendant cannot demonstrate that but for his counsel's deficient performance, he would have [availed himself of trial], counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.'") (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 1038 (2000)); *see, e.g.*, *Kliebert v. State*, Nos. 01-12-00757-CR, 01-12-00758-CR, 01-12-00759-CR, 01-12-00760-CR, 2013 WL 3811491, at *3 (Tex. App.—Houston [1st Dist.] July 18, 2013, pet. ref'd) (mem. op., not designated for publication) (holding defendant failed to establish prejudice where he "presented no evidence, either by testimony or affidavit, that, but for counsel's alleged deficiency, he would not have pleaded guilty"). Accordingly, we hold that the trial court did not abuse its discretion in denying appellant habeas relief.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's orders denying appellant habeas corpus relief.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish.   TEX. R. APP. P. 47.2(b).