# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00117-CR

**Saul Salinas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT
### NO. 5141, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Saul Salinas appeals both his conviction for aggravated sexual assault of a child, *see* Tex. Penal Code § 22.021, and the trial court's denial of his application for writ of habeas corpus, *see* Tex. Code Crim. Proc. art. 11.072 (establishing procedures for writ of habeas corpus application when applicant seeks relief from order or judgment of conviction ordering community supervision). We will affirm the trial court's judgment of conviction and order denying the application for writ of habeas corpus.

## BACKGROUND

In 1999, appellant pleaded guilty to three counts of aggravated sexual assault of a child and was granted deferred adjudication probation for a period of ten years. In 2007, the State filed a motion to adjudicate guilt based on appellant's alleged violation of probation. Prior to a hearing on the State's motion, appellant filed an application for writ of habeas corpus under

Article 11.072 of the Code of Criminal Procedure asserting that his guilty plea was involuntary. This Court affirmed the trial court's order denying appellant's application. *Ex parte Salinas*, No. 03-08-00043-CR, 2009 WL 2410521, at *1 (Tex. App.—Austin Aug. 6, 2009, no pet.) (mem. op., not designated for publication). The trial court entered judgment on the State's motion to adjudicate, extending appellant's probation another five years.

In 2010, the State filed a new motion to adjudicate guilt based on additional allegations of probation violations. Before the trial court heard that motion, appellant filed a second Article 11.072 application for writ of habeas corpus, asserting additional reasons why his plea was involuntary as well as actual innocence, ineffective assistance of counsel, and that the initial judgment on his plea was invalid. The trial court conducted a hearing on the State's motion to adjudicate, which included testimony by the victim, the outcry witness, appellant's probation officers and sex-offender therapist, the police officer who had arrested appellant for a recent DWI, and appellant's family members, all of whom were cross-examined by appellant. After the hearing, the trial court entered a guilty judgment and assessed punishment of sixty years' incarceration. The trial court also later denied appellant's second Article 11.072 writ application, finding that appellant had not proven that he could not have raised the issues asserted therein in his first application for writ of habeas corpus. Appellant appeals both his conviction and the denial of his second writ application.

**DISCUSSION**

Appellant raises the same two issues with each order on appeal, arguing that (1) his plea was involuntary and (2) the evidence was insufficient to support the trial court's acceptance of his guilty plea. He supports both arguments with the trial court's finding that portions of the

2

reporter's record in appellant's trial and pretrial hearings had been "lost or destroyed" and that "no alternate record can be made." Essentially, appellant argues that he is entitled to reversal of his conviction and of the order denying his writ merely because of the missing reporter's record. The State responds that the absence of the reporter's record is irrelevant for two reasons: (1) appellant's previous application for writ of habeas corpus already fully litigated the issues of the voluntariness of and sufficiency of evidence supporting his plea, and appellant is barred from relitigating the issues; and (2) when appellant chose not to appeal the order deferring adjudication of his guilt and instead waited until the State sought to revoke his probation, he was barred from later challenging any issue that he could have raised when he was first placed on probation.

We first address appellant's direct appeal of the trial court's final judgment of conviction. The court of criminal appeals has held that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, *only* in direct appeals taken *when* deferred adjudication community supervision is first imposed; the defendant may not wait to make such assertions until after his community supervision has been revoked and an adjudication of guilt is formally made. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). This rule applies even in cases where the reporter's record is missing and even if the defendant asserts that his plea was involuntary. *Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (where appellant appealed revocation of probation and adjudication of guilt, reporter's record from original deferred adjudication proceeding was not necessary to appeal's resolution since appellant cannot appeal any issues relating to original deferred adjudication proceeding after adjudication of guilt); *Ulloa v. State*, 370 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (same). Because appellant did not raise any issues relating to the entry

3

of his plea *prior* to the trial court's adjudication of guilt, we may not address the merits of those issues now. *See Manuel*, 994 S.W.2d at 662. Accordingly, we overrule both of appellant's issues challenging the trial court's final judgment of conviction and affirm that judgment.

We now review the trial court's order denying appellant's Article 11.072 application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.072. At trial, the applicant must prove facts supporting his requested relief by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). When the habeas court has made written findings and conclusions in support of its order, as the trial court did here, we review the court's order for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011). The habeas court is the sole finder of fact in an Article 11.072 proceeding, and we afford almost total deference to its determinations of historical fact that are supported by the record. *Id.* When reviewing the trial court's denial of an application under Article 11.072, we must view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). If the resolution of the ultimate questions turns only on the application of legal standards, we review those determinations de novo. *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

The Article 11.072 habeas procedure prohibits a court from considering the merits of or granting relief based on an application for a writ of habeas corpus filed subsequently to the final disposition of an earlier application under the article "unless the [subsequent] application contains sufficient facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application

4

filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." Tex. Code Crim. Proc. art. 11.072, § 9(a). A legal basis of a claim is unavailable on or before a date if the "legal basis was not recognized by and could not have been reasonably formulated from a final decision" of a federal appellate or Texas appellate court on or before that date. *Id.* §9 (b). A factual basis of a claim is unavailable on or before a date if the "factual basis was not ascertainable through the exercise of reasonable diligence on or before that date." *Id.* § 9(c).

Appellant does not challenge any of the trial court's findings of fact or conclusions of law, several of which specifically addressed the issue of whether his arguments could have been raised in his first writ application. Rather, appellant's two issues on appeal are based solely on a presumed missing or destroyed portion of the reporter's record that allegedly recorded the plea proceedings. Appellant argues that because the relevant portion of the reporter's record is missing, he is entitled to a reversal of the trial court's order and a new trial because, through no fault of his own, there is no way to determine whether his plea was voluntary. *See* Tex. R. App. P. 34.6(f) (new trial required when (1) appellant has timely requested reporter's record, (2) without appellant's fault significant portion of court reporter's records has been lost or destroyed, (3) missing portion is "necessary to the appeal's resolution," and (4) missing portion cannot be replaced by agreement between parties or accurate duplicate copy).

We initially note that appellant has not identified anything in the record indicating that the plea hearing was, in fact, recorded by the court reporter or that he objected to the fact that it was not recorded, which are necessary prerequisites to obtaining a new trial based on a missing record. *See Gibbs v. State*, 819 S.W.2d 821, 828 (Tex. Crim. App. 1991) (if court reporter never

5

recorded proceedings or if it is inconclusive whether proceedings were recorded but later lost or destroyed, defendant is not entitled to new trial). However, even assuming that the plea hearing was recorded, the missing reporter's record of that hearing is not "necessary" to resolution of his writ application because such resolution turns solely on a determination of whether the claims and issues he now raises *could have been presented* in his first application. The reporter's record of the plea hearing is simply irrelevant to that determination.

Appellant has made no attempt to explain why his argument about the missing reporter's record could not have been made in his previous writ application or why the facts supporting that claim would not have been ascertainable then. *See* Tex. Code Crim. Proc. art. 11.072, § 9(c). Either the now-missing reporter's record *was* available at the time of the first writ application, in which case appellant arguably could have supported his claim of plea involuntariness, or the now-missing reporter's record was already missing at the time of the first application, in which case appellant could have leveled the same claims he is now making. Because appellant could have presented his current Article 11.072 claims in his previous application for writ of habeas corpus, we conclude that he is not entitled to his requested relief on the basis of the missing reporter's record, and the trial court did not abuse its discretion in denying his writ application.[1] We overrule both of

---

[1] Of the four specific grounds asserted in his second writ application—actual innocence, involuntary plea, invalid judgment, and ineffective assistance of counsel—appellant raises only the issue of the voluntariness of his plea in his brief on appeal: "Without a record of the plea proceedings, [he] is deprived of an effective appeal on the issues of the voluntariness of his plea and the sufficiency of the evidence to support the acceptance of his plea." This is the very issue he raised in his first writ application and, to the extent that it differs, we defer to the trial court's determination that appellant established no facts demonstrating that he could not have presented the issues in his first application. *See Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011).

appellant's issues challenging the trial court's order denying his application for writ of habeas corpus and affirm that order.

## CONCLUSION

We affirm both the trial court's judgment of conviction and order denying appellant's Article 11.072 application for writ of habeas corpus.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   March 26, 2015

Do Not Publish

7