ACCEPTED
14-15-00075-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/16/2015 2:55:14 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00075-CR

IN THE FOURTEENTH COURT OF APPEALS OF
THE STATE OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/16/2015 2:55:14 PM
CHRISTOPHER A. PRINE
Clerk

CASEY HOLMES DYER
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal in Cause Number 1367335
From the 351st District Court of Harris County, Texas
Hon. Mark Kent Ellis, Judge Presiding

BRIEF IN SUPPORT OF MOTION TO WITHDRAW

ORAL ARGUMENT WAIVED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

BOB WICOFF
Assistant Public Defender
Bob.Wicoff@pdo.hctx.net
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

COUNSEL FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Appellant
Casey Holmes Dyer
TDCJ # 01976820
Hamilton Unit
200 Lee Morrison Lane
Bryan, Texas 77807

Presiding Judge
Hon. Mark Kent Ellis
351st District Court
Harris County, Texas
1201 Franklin Street
14th floor
Houston, Texas 77002

Trial Prosecutor
Brittany Aaron
Assistant District Attorney
Harris County, Texas
1201 Franklin Street
6th floor
Houston, Texas 77002

Defense Counsel at Trial
Joseph Varela Aguirre
Attorney at Law
2500 East T.C. Jester
Suite 247
Houston, Texas 77008

Defense Counsel on Appeal
Bob Wicoff
Assistant Public Defender
Harris County, Texas
1201 Franklin Street
13th floor
Houston, Texas 77002

i

# Table of Contents

**Page**

Identity of Parties and Counsel:                                    i

Table of Contents:                                                 ii

Index of Authorities:                                             iii

Statement of the Case:                                             v

Issue Presented:                                                   v

Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the trial court's adjudication of guilt and assessment of a fifteen-year sentence

Statement of Facts:                                                1

Summary of the Argument:                                           2

Argument:                                                          3

Prayer:                                                           16

Certificate of Service:                                           16

Certificate of Compliance:                                        17

# Index of Authorities

**Cases**                                                              **Page**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................. *passim*

*Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005)....................................... 5

*Cook v. State*, 240 S.W.3d 906 (Tex. Crim. App. 2007) ....................................... 14

*Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974)....................................... 4

*Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997)....................................... 15

*Garner v. State*, 300 S.W.3d 763 (Tex. Crim. App. 2009) ....................................... 5

*High v. State*, 573 S.W.3d 807 (Tex. Crim. App. 1978)........................................... 4

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).......................................... 3

*Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999)....................................... 6

*McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988)............................. 3

*Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1ˢᵗ Dist.] 2006, no pet.) ............... 5

*Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001)............................................5-7

*Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)......      10

*Rickles v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006)....................................... 8

*Sowells v. State*, 45 S.W.3d 690 (Tex. App.-Waco 2001, no pet.)........................   3

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991)................................. 4, 5

*Stephens v. State*, 35 S.W.3d 770 (Tex. App.-Houston [1ˢᵗ Dist.] 2000, no pet.).............. 15

*Ulloa v. State*, 370 S.W.3d 766 (Tex. App.-Houston [14th Dist.] 2011, pet. ref'd)........6

# Index of Authorities (cont'd)

**Statutes**

| | |
|---|---|
| TEX. PENAL CODE ANN., sec. 12.42(b) | 12 |
| TEX. CODE CRIM. PROC. ANN., art. 26.13 | 10 |
| TEX. CODE CRIM. PROC. ANN., art. 42.12, sec. 5(b) | 8 |
| TEX. HEALTH & SAFETY CODE, sec. 481.102(3)(D) | v, 12 |
| TEX. HEALTH & SAFETY CODE, sec. 481.112(d) | v, 12 |

## STATEMENT OF THE CASE

The Appellant was indicted for the first-degree felony offense of possession with intent to deliver a controlled substance (cocaine), weighing more than four grams and less than 200 grams, the offense alleged to have occurred on or about November 7, 2012 (C.R. at 11); Tex. Health & Safety Code Ann., secs. 481.102(3)(D); 481.112(d). On April 10, 2014, the Appellant entered into a plea bargain whereby he was placed on deferred adjudication for five (5) years (C.R. at 31-32, 41-45). On October 7, 2014, the State filed a Motion to Adjudicate Guilt, followed by an Amended Motion to Adjudicate Guilt that was filed on January 13, 2015 (C.R. at 52-53). After a hearing on January 15, 2015, the trial court adjudicated the Appellant guilty, and assessed his punishment at fifteen (15) years confinement (C.R. at 54). There was no motion for new trial.

## Issue Presented

Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the trial court's adjudication of guilt and assessment of a fifteen-year sentence

A hearing was held on the First Amended Motion to Adjudicate Guilt on January 15, 2015. In its motion, the State alleged both new law violations and technical violations (C.R. at 52). The Appellant pleaded "not true" to most of the allegations, but pleaded "true" to the allegation that he failed to obtain suitable employment for the months of July, August and September of 2014 (1 R.R. at 6). [1]

Michelle Estrada, the probation officer in charge of the Appellant's supervision, testified that during the period of his probation, the Appellant:

1) tested positive for marijuana and admitted to her that he was "using" (1 R.R. at 11);

2) told her he lost his job in July-August of 2014, was requested to find new employment, but never obtained employment (1 R.R. at 13);

3) was behind on various required fees (1 R.R. at 13);

4) failed to undergo drug or alcohol evaluation (1 R.R. at 14-15); and

5) failed to attempt completion of his GED (1 R.R. at 15-16).

Houston Police Department Officer Justin Hayes testified that on October 2, 2014, at about 1:00 a.m., he stopped a car in which the Appellant was a passenger. A strong odor of marijuana emanated from the interior of the vehicle (1 R.R. at 25-26). Twenty-three tablets of the drug Ecstasy were found between the passenger seat (where the Appellant sat) and the center console (1 R.R. at 27, 33). Hayes testified that

---

[1] Although counsel for the Appellant tried to withdraw the Appellant's plea of true to such allegation, the trial court wouldn't allow it, stating: "Yeah. Well, he already pled true" (1 R.R. at 8).

his partner, Officer Aranzeta, noticed as they approached the vehicle that the Appellant was "moving around his lap area as if trying to hide something prior to us getting up there" (1 R.R. at 27). Officer Aranzeta testified to essentially the same facts as Officer Hayes before him, adding that the drugs that had been found field-tested positive for methamphetamine (1 R.R. at 41).

Angelica Noyola, a lab analyst of the Houston Forensic Science Center, testified that the drugs that were found in the car tested positive for methamphetamine (1 R.R. at 51).

The trial court found all of the allegations in the First Amended Motion to Adjudicate Guilt to be true except for number 2 (failure to avoid injurious or vicious habits by using marijuana), and adjudicated the Appellant guilty (1 R.R. at 58).

Both the Appellant's mother and sister then testified briefly in possible mitigation of punishment (1 R.R. at 58-65). After arguments of counsel, the trial court assessed the Appellant's punishment at fifteen years confinement (1 R.R. at 67).

## SUMMARY OF THE ARGUMENT

The undersigned has thoroughly reviewed the record and concluded that there are no meritorious grounds for appeal from trial court's the adjudication of guilt and assessment of a fifteen (15) year sentence. Therefore, the undersigned moves to withdraw from representing the Appellant and has filed, simultaneously with this brief, a motion to withdraw.

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the trial court's adjudication of guilt and assessment of a fifteen-year sentence.**

## Argument

## A. *Anders* briefs generally

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds, following a professional, conscientious evaluation of the record, that a case is wholly frivolous, his obligation to his client is to seek leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that a complete review of the record has been undertaken and that the request to withdraw is well-founded. *Id.*

A wholly frivolous appeal is one that "lacks any basis in law or in fact." *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988). A reviewing court must resolve doubtful issues in the appellant's favor. *Id.* In the brief which accompanies his motion to withdraw, counsel must make references to the appellate record as well as to any applicable statutes, rules, and cases that lead counsel to the conclusion that the appeal is frivolous. *Sowels v. State,* 45 S.W.3d 690, 691 (Tex.App.-Waco 2001, no pet.). The brief must contain references to anything in the record that might arguably support the appeal, even though counsel believes that the appeal is

frivolous. *Anders v. California, supra*; *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel is not required to make arguments that would not be made on behalf of a client who has retained counsel for the appeal; counsel is not required to make arguments for which there is no merit. *Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974). If counsel concludes that there are no arguable grounds for appeal, then counsel should so state and should make references to the record, statutes, and cases which support that conclusion. *Stafford v. State, supra*; *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). When discussing the record, counsel must discuss the evidence introduced at trial and must provide the appellate court "with ready references to the record." *Stafford v. State, supra at 510 n.3*; *High v. State, supra.* Conclusory statements in the brief are insufficient. *Anders v. California, supra*; *High v. State, supra*; *Currie v. State, supra.*

Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must advise appellant of his right to review the record and to file a *pro se* brief. Counsel must certify or otherwise show the appellate court that appellant has been furnished with a copy of the motion and brief and that appellant has been advised of his right to obtain the record and to file a *pro se* brief.

After appellant has himself raised the points that he wishes to raise, or the time has passed for him to do so, the appellate court must conduct an independent examination of the proceedings and determine whether the appeal is wholly frivolous.

*Anders v. California, supra*; *Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1ˢᵗ Dist.] 2006, no pet.). If the court finds that the appeal is wholly frivolous and that there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the trial court. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Although a reviewing court may issue an opinion explaining why the appeal lacks arguable merit, it is not required to do so. *Id.*, at 767. If the court determines that there are arguable grounds, it will abate the appeal and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The appellate court does not make a decision on the merits of any issue, except to determine whether an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal. *Anders v. California, supra; Stafford v. State, supra.* An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe, supra*, at 827-828, fn 6.

## B. Appeals from an adjudication of guilt are limited

A defendant on deferred adjudication may raise issues relating to the original plea proceeding only in appeals taken when community supervision is first imposed, with two exceptions: 1) the void judgment exception; and 2) the habeas corpus exception. *See Nix v. State,* 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); *Manuel v.*

*State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *Ulloa v. State,* 370 S.W.3d 766, 769 (Tex. App.-Houston [14th Dist] 2011, pet. ref'd).

In *Nix,* the Court of Criminal Appeals explained the "void judgment" exception as follows:

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (*i.e.* indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright.* While we hesitate to call this an exclusive list, it is very nearly so. *Id.,* at 668.

The void judgment exception does not apply in this case. The indictment which was returned against the Appellant on January 22, 2013 properly alleged the first-degree felony offense of possession of cocaine with intent to deliver, weighing more than four grams and less than 200 grams, the offense alleged to have occurred two months earlier, on or about November 7, 2012 (C.R. at 11). The trial court, a district court, clearly had jurisdiction over a first-degree felony such as this. There was evidence to support the conviction, as the Appellant signed a judicial confession at the time of his guilty plea, which is sufficient evidence to support a conviction (C.R. at 31); *Nix v. State,* 65 S.W.3d at 668, n.14. Finally, the Appellant had counsel when he entered his guilty plea on April 10, 2014 (C.R. at 32).

In *Nix,* the Court of Criminal Appeals also explained the "habeas corpus" exception as follows:

> The habeas corpus exception essentially involves the litigation of a writ of habeas corpus at the probation revocation proceedings. Because probation is not considered to be a "final" conviction, an application for writ of habeas corpus filed during the pendency of revocation proceedings would be returnable to the trial court, whose ruling would be reviewable by a court of appeals and, ultimately, subject to a petition for discretionary review from this Court. Had the application been filed separately, then, the same trial court would be responsible for resolving both the habeas application and the revocation proceedings, and these two proceedings would follow the same appellate path. We have held that, in the interest of judicial economy, the probationer need not file a separate writ application but may mount his attack during the revocation hearing. To invoke the habeas corpus exception on appeal, the defendant must show: (a) that the claim is cognizable on a writ of habeas corpus and (b) that the defendant attempted to litigate the claim at the revocation proceeding. *Id.,* at 669-670

There was no habeas application filed in this case, nor were issues that would have been cognizable on habeas raised at the motion to adjudicate hearing. [2] Therefore, any appeal in this case is limited to errors, if any, that occurred in the adjudication hearing or with respect to the sentence that was imposed.

## C. The appeal in this case is frivolous

The undersigned has evaluated the record from this case with the help of the useful "Anders Guidelines" posted on the website of the Fourteenth Court of Appeals. *See* http://www.14thcoa.courts.state.tx.us/pdf/AndersGuidelines.pdf. In

---

[2] As an aside, although *Nix* is still cited regularly to support the rule that the "void judgment" and "habeas corpus" exceptions are the only instances in which a litigant may challenge the original plea putting him on deferred or regular probation, once that community supervision is revoked, it is unclear that the habeas corpus exception still applies. *See Jordan v. State*, 54 S.W.3d 783 (Tex. Crim. App. 2001). In any event, the question does not present itself in this case.

this case, the Appellant pleaded "not true" to the allegations in the First Amended Motion to Adjudicate, so some of the categories normally relevant to an *Anders* review are not relevant here.

As a threshold matter, a determination to proceed with an adjudication of guilt is reviewable on appeal in the same manner as a revocation hearing in a regular probation case. *See* Tex. Code Crim. Proc. Ann., art. 42.12 § 5(b)(West 2012). Appellate review of an order revoking probation is limited to abuse of discretion. *Rickles v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions regarding sufficiency of the evidence, the burden of proof is by a preponderance of the evidence, that is, the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of his probation. *Id.* at 764.

The evidence was clearly sufficient to prove by a preponderance of the evidence that the Appellant violated at least one of the conditions of his community supervision. As stated above, in adjudicating the Appellant guilty, the trial court found ten (10) allegations in the First Amended Motion to Adjudicate Guilt to be true (1 R.R. at 58). The Appellant provided no evidence to refute most of the allegations, *e.g.,* admitting to his probation officer that he used marijuana, and providing no evidence to counter the allegations that he had not been employed as required (1 R.R. at 13), was behind on various required fees (1 R.R. at 13), failed to undergo drug or alcohol

evaluation (1 R.R. at 14-15), and failed to attempt completion of his GED (1 R.R. at 15-16).

## 1. Sufficiency of the indictment or misdemeanor information

As explained *supra*, the indictment in the instant case alleges each element prescribed by the statute (C.R. at 11), and properly vested jurisdiction in the district court which deferred the adjudication of guilt and subsequently adjudicated the Appellant guilty.

## 2. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial

The Clerk's Record does not contain any motions relative to the First Amended Motion to Adjudicate Guilt, but it is unclear what motions would have been appropriate in this scenario. The only possible motion, a motion to suppress evidence, was not ostensibly in order. Officer Justin Hayes testified that he stopped the vehicle in which the Appellant was a passenger for not having a front license plate and failing to turn from a driveway into the first available lane of traffic, either of which would be a legitimate reason for the traffic stop (1 R.R. at 25). A strong odor of marijuana emanated from the vehicle (1 R.R. at 26). Drugs were found adjacent to the Appellant after he had been observed by Officer Aranzeta to be making furtive movements toward the center console where the drugs were then found (1 R.R. at 39). There was no apparent motion to suppress to be filed, and the motion would not have impacted several of the other alleged violations anyway.

**3. Compliance with Texas Code of Criminal Procedure 26.13 and, if appropriate, *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010)**

In *Padilla v. Kentucky*, the U.S. Supreme Court held that the Sixth Amendment requires defense counsel to provide affirmative, competent advice to noncitizen defendants regarding immigration consequences of guilty pleas and that absence of such advice may be a basis for a claim of ineffective assistance of counsel. *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

With respect to Tex. Code Crim. Proc. Ann., article 26.13 ("Plea of Guilty"), pertaining to admonishments to be given when guilty pleas are entered, these admonishments were not relevant to the hearing held on the motion to adjudicate. Those admonishments had already been given at the time the Appellant pleaded guilty and was placed on deferred adjudication. Complaints concerning improper or inadequate admonishments at the time the Appellant pleaded guilty could not be raised in an appeal from the adjudication of guilt, for the reasons explained *supra*.

**4. Whether the issue of competency was raised prior to sentencing, so as to warrant any inquiry by the court, and whether appellant was mentally competent when the court accepted the plea.**

The Appellant's competency was not raised in this case. There is nothing from the record that suggests that his competency was an issue.

**5. Whether the appellant's plea was freely and voluntarily made.**

This *Anders* factor generally pertains to guilty pleas or pleas of true. In this case, the Appellant, with the assistance of his counsel, pleaded "not true" to the allegations in the First Amended Motion to Adjudicate Guilt. There is nothing to suggest that his "not true" plea was involuntarily entered, *i.e.*, that the Appellant had wanted to plead true but was coerced into having a hearing. For example, there is no interlineation on a reset form indicating the possibility of a lower plea bargain offer in exchange for a plea of "true," or any suggestion that the Appellant was not informed of an existing plea bargain offer. In any case, if such issue did exist, it would not be apparent from the existing record and would be more suitable for habeas later.

**6. Any adverse rulings during the sentencing hearing on objections or motions.**

During the hearing that was held pursuant to the motion to adjudicate, counsel objected on hearsay, denial of confrontation, and violation of Texas Rules of Evidence 702, 703 and 705, when the Appellant's probation officer testified that the Appellant tested positive for marijuana (1 R.R. at 11). The trial court overruled the objection (1 R.R. at 11).

Whatever merit there may have been to that objection, the same testimony was then admitted without objection (1 R.R. at 11). Moreover, the probation officer testified that the Appellant admitted to her that he used marijuana (1 R.R. at 11). As a result, if there was any error by the trial court regarding the admission of evidence that

the Appellant had tested positive for marijuana, such error would have been rendered harmless by the admission of the same evidence immediately thereafter.

Additionally, the trial court found the allegation concerning whether the Appellant had tested positive for marijuana to be not true (1 R.R. at 58).

**7. Any failure on the part of appellant's trial counsel to object to fundamental error.**

It is unclear what "fundamental error" could have existed in this case. The undersigned has certainly not detected any errors to which an objection should have been posed, either in the hearing held pursuant to the First Amended Motion to Adjudicate or otherwise.

**8. Whether the sentence imposed was within the applicable range of punishment.**

The Appellant was on deferred adjudication for the first-degree felony offense of possession with intent to deliver a controlled substance (cocaine), weighing more than four grams and less than 200 grams (C.R. at 11). *See* Tex. Health & Safety Code Ann., secs. 481.102(3)(D); 481.112(d). The punishment range was therefore 5-99 years and the possibility of a fine not to exceed $10,000.00. *See* Tex. Penal Code Ann., § 12.42(b). Therefore, the fifteen (15) year punishment which was assessed was within the applicable range of punishment.

**9. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.**

The written judgment accurately reflects a conviction for "possession with intent deliver cocaine 4-200 grams," and properly lists such offense as a first-degree felony (C.R. at 90). This is accurate. The judgment reflects the 15-year sentence. As to credit for time served, the judgment reflects that the Appellant was to be credited for the time period of 11/07/2012 until 11/23/2012. This is consistent with the Appellant's having been arrested on the day of the offense in 2012, and being credited for all time spent until and including the date that he originally posted bail. *See* Docket Sheet (C.R. at 63). The judgment also reflects that the Appellant was to be credited for the time period of 10/08/2013 until 10/10/2013, which comports with what the docket sheet reflects as a surrender by his bail bondsman, followed by a posting of a new bond two days later, all while the original charge was pending. *See* Docket Sheet (C.R. at 64). Finally, the judgment reflects that the Appellant was to be credited for the time period of 10/02/2014 until 01/15/2015, which comports with the time the Appellant spent following the filing of the motion to adjudicate guilt in October of 2014 through the hearing held on the First Amended Motion to Adjudicate Guilt, held on January 15, 2015. *See* Docket Sheet (C.R. at 65).

**10. Examination of the record to determine if the appellant was denied effective assistance of counsel.**

There is no suggestion from the record that counsel's performance was deficient in a manner that can be raised on direct appeal. As explained, *supra*, two

witnesses were offered by the defense at punishment. It is not known whether counsel undertook the required investigation into other possible mitigation, but there is nothing in the record to suggest that he was ineffective in such manner, or that he failed to provide reasonably effective assistance in any other aspect of the case.

**10. Other possible issues.**

Notice of appeal was filed the day that the Appellant was sentenced, January 15, 2015 (1 C.R. at 59). The docket sheet indicates that on the same date, trial counsel Joseph Varela moved to withdraw from representing the Appellant (1 C.R. at 65). However, the trial court apparently did not act on any request to withdraw until April 21, 2015, when it appointed the undersigned pursuant to an Abatement Order by this Court (Supp. C.R. at 3). Thus, the new attorney was not appointed to represent the Appellant within the time limit for filing a motion for new trial and a question arises as to whether the Appellant was unrepresented during such critical stage of the proceedings or understood that he had a right to file a motion for new trial. *Cook v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007).

However, even if the Appellant could establish that he was deprived counsel during this critical stage of the proceedings, any arguable deprivation during such period appears to be harmless beyond a reasonable doubt, as the undersigned has detected nothing that could have been raised in a motion for new trial.

**D. The Appellant has been provided with a copy of the complete appellate record and a copy of the motion to withdraw**

A copy of the entire appellate record (which consists of two volumes of the Reporter's Record, as well as one volume of the Clerk's Record and one volume of the Supplemental Clerk's Record) has been sent to the Appellant at his current address, which is:

> Casey Holmes Dyer
> TDCJ # 01976820
> Hamilton Unit
> 200 Lee Morrison Lane
> Bryan, Texas 77807

The undersigned has also sent a letter with the copy of the record, explaining further the import of this brief and how the Appellant might pursue issues on an 11.07 writ that cannot be raised on direct appeal. A copy of this brief is also being sent to the Appellant, as is the attached Motion to Withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and *Stephens v. State*, 35 S.W.3d 770, 771 (Tex. App.-Houston [1st Dist.] 2000, no pet.)(motion to withdraw pursuant to *Anders* brief is properly directed to the appellate court, not the trial court).

Should this Court grant the undersigned's Motion to Withdraw, the undersigned will inform the Appellant of the result of her appeal and will also inform the Appellant that she may, on her own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

## PRAYER

For the reasons stated above, the undersigned prays that he be allowed to withdraw from representing the Appellant in this case, and that the Appellant be given the opportunity to file his own brief.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas

**/s/Bob Wicoff**
**Bob Wicoff**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th floor
Houston Texas 77002
(713) 274-6781
TBA No. 21422700

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing brief was sent through the efile system to the Harris County District Attorney's Office on the 16th of July, 2015.

/s/ Bob Wicoff
Bob Wicoff

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the length requirements of Tex. R. App. P. 9.4(i). Specifically, the foregoing brief contains a total of **3,970** words, which is the total word count excluding those matters listed in Tex. R. App. P. 9.4(i)(1).

/s/ Bob Wicoff
Bob Wicoff