Opinion issued August 17, 2021



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00192-CR

## NO. 01-20-00193-CR

———————————

**DAVID S. SOLIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1560682 & 1560683**

---

## MEMORANDUM OPINION

After appellant, David S. Soliz, without agreed punishment recommendations

from the State, pleaded guilty to the felony offenses of insurance fraud[1] and forgery of a commercial instrument,[2] the trial court assessed appellant's punishment at confinement for two years for each offense, suspended the sentences, placed appellant on community supervision for five years for each offense, and ordered that appellant pay $2,200 in restitution related to the insurance fraud offense. In three issues, appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas, his trial counsel provided him with ineffective assistance of counsel, and the record does not support the trial court's restitution order.

We modify the trial court's judgments and affirm as modified.

## Background

A Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about July 19, 2016,

> unlawfully, with intent to defraud and deceive an insurer, and in support of a claim for payment of the value of at least two thousand five hundred dollars and less than thirty thousand dollars under an insurance policy, present[ed] and cause[d] to be presented to an insurer, namely Nationwide, a statement that [appellant] knew to contain false and misleading information, to-wit: a false audit of rental income.

---

[1]  *See* TEX. PENAL CODE ANN. § 35.02; appellate cause no. 01-20-00192-CR; trial court cause no. 1560682.

[2]  *See* TEX. PENAL CODE ANN. § 32.21(b), (d); appellate cause no. 01-20-00193-CR; trial court cause no. 1560683.

And a Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about July 19, 2016, "unlawfully, and with the intent to defraud and harm, forge[d] the writing duplicated [and] attached [to the indictment] . . . , which was purported to be the act of another who did not authorize that act, by making and passing it, knowing it was forged."

Subsequently, appellant signed and filed, in each trial court cause number, a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he pleaded guilty to the felony offenses of insurance fraud and forgery of a commercial instrument and admitted that he committed the acts alleged in each indictment. Appellant's trial counsel also signed the "Waiver[s] of Constitutional Rights, Agreement[s] to Stipulate, and Judicial Confession[s]," affirming that he believed that appellant had entered his guilty pleas knowingly, voluntarily, and after a full discussion of the consequences of the pleas. And trial counsel affirmed that he believed that appellant was competent to stand trial.

Appellant also signed written "Admonishments,"[3] in each trial court cause number, informing him that he had been indicted for the felony offenses of insurance fraud and forgery of a commercial instrument and the punishment ranges for the offenses. Appellant represented that he "waive[d] and g[a]ve up any time provided [him] by law to prepare for trial," was "totally satisfied with the representation

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 26.13.

provided by [his trial] counsel," "received effective and competent representation," and understood "the consequences of [his] plea[s] . . . after having fully consulted with [his] attorney." Appellant requested that the trial court accept his guilty pleas. The written admonishments include findings, signed by the trial court, "that [appellant was] fully mentally competent" and his "plea[s] w[ere] freely, knowingly and voluntarily entered." Appellant's trial counsel signed the admonishments, representing that he had advised appellant and appellant was "aware of the consequences of [his] plea[s]."

Appellant also signed the "Statements and Waivers of Defendant"[4] in each trial court cause number, affirming that he was mentally competent, "underst[ood] the nature of the charge[s] against" him, understood the trial court's admonishments, understood the consequences of his guilty pleas, and had consulted with his trial counsel about the pleas. Appellant stated that he had "committed each and every element alleged" in the "Waiver[s] of Constitutional Rights, Agreement[s] to Stipulate, and Judicial Confession[s]," and freely, knowingly, and voluntarily entered his guilty pleas. Appellant also waived his right to have the trial court orally admonish him and to have the court reporter record his pleas.

As to the right to appeal, appellant signed the "Advice of Defendant's Right to Appeal," in which the trial court advised him that Texas law gives a defendant the

---

[4] *See id.*

right to appeal his conviction, but if he pleaded "guilty or no contest and accepted the punishment recommended by the [State]," he "c[ould not] appeal [his] conviction unless th[e] [c]ourt g[ave] [him] permission." Yet, if a defendant did not plead guilty, he "may have a right to appeal."

The trial court found sufficient evidence of appellant's guilt and that appellant had entered his guilty pleas freely, knowingly, and voluntarily. It admonished appellant of his legal rights, accepted his guilty pleas, and ordered a presentence investigation. The trial court also signed a "Certification of Defendant's Right to Appeal" in each trial court cause number, certifying that each case was "not a plea-bargain case[] and [appellant] ha[d] the right of appeal."[5] Appellant and his trial counsel signed the certifications, representing that he had been "informed of the rights concerning an[] appeal of [his] criminal case[s]." At the bottom of the page, the certifications state:

> [a] defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgement of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contender[e] and the punishment did not exceed the punishment recommended by the [State] and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. Texas Rule[] of Appellate Procedure 25.2(a)(2).

---

[5] *See* TEX. R. APP. P. 25.2(d).

5

Before his sentencing hearing, appellant filed a motion to withdraw his guilty plea in each trial court cause number. He argued that his pleas were involuntary because his trial counsel led him to believe that "he would be able to preserve his right to appeal all matters related to the case[s], including his guilty plea[s], the State's allegations, and the merits of the underlying charges," and he did not understand that, by pleading guilty, he had "waived his right to contest the charges [against him]." He asserted that his inability to effectively communicate with trial counsel contributed to his mistaken understanding, and he pleaded guilty to the felony offenses of insurance fraud and forgery of a commercial instrument under duress because of his lack of confidence in his trial counsel's preparedness for trial.

At the hearing on his motion to withdraw his guilty pleas, appellant testified that he "want[ed] to go to trial," and if, when appellant entered his pleas, appellant's trial counsel had been "prepared to try the case and [appellant had] felt [that counsel] was prepared, [appellant] would have gone to trial." But based on his prior interactions with counsel and his discussion with counsel in the courthouse hall before he entered his pleas, appellant believed that counsel "was not prepared." Appellant also stated that when he met with his trial counsel some months earlier, they did not discuss any specific trial strategy. During their discussion in the courthouse hall, appellant recognized some of the State's witnesses, who were also

6

standing in the hall, but counsel did not know the names of those witnesses, and he told appellant that he had not interviewed them.

According to appellant, he was given and signed the written admonishments, then pleaded guilty to the felony offenses of insurance fraud and forgery of a commercial instrument. He claimed, though, that he misunderstood the effect of his guilty pleas. Appellant recalled that, while he and his counsel were standing in the courthouse hall, counsel "recommended that [he] plead guilty, but that [he] had the opportunity to withdraw that plea." But appellant saw "at the top" of one of the documents he signed a statement that he "had [thirty] days to appeal [his] plea[s]." That statement, which was checked, confirmed in his mind what he understood counsel to have told him about his right to appeal.

Appellant also testified that he had tried to contact his trial counsel "numerous times" between the date he entered his guilty pleas and the date of the sentencing hearing, but counsel never responded. Feeling desperate because counsel was not responding to his text messages and telephone messages, appellant "filed a pro se document to the court to appeal [his] plea[s]." Appellant admitted that he had previously been convicted of the misdemeanor offense of "lying under oath."[6]

---

[6]    Appellant was previously convicted of the misdemeanor offense of perjury. *See Soliz v. State*, No. 14-99-01095-CR, 2003 WL 22433813, at *1 (Tex. App.—Houston [14th Dist.] Oct. 28, 2003, no pet.) (mem. op., not designated for publication) (affirming appellant's conviction); *see also* TEX. PENAL CODE ANN.

7

James Smith testified that he began practicing law in 1989 and had represented many defendants in plea hearings. He was appellant's trial counsel at the time appellant pleaded guilty to the felony offenses of insurance fraud and forgery of a commercial instrument. Smith had a general practice of admonishing a defendant about the consequences of his plea before the defendant entered his plea. Smith acknowledged that appellant's cases had a November 2019 trial setting, and Smith had reviewed a "moderately large amount of discovery" related to the cases and was "prepared to go to trial." "If [he] had to [go to trial], [he] could have." But Smith "didn't think it would be advisable," and he was "afraid it was going to be rather bloody if [they] did." He advised appellant of his assessment on more than one occasion. Smith "suggested to" appellant, based on the evidence that Smith had seen, "that the best way to resolve [appellant's] case[s] would be . . . to plead guilty to the charge[s] and then request a presentence investigation."

Smith believed that he had explained to appellant "that once the [trial court] accept[ed] the plea[s], that there[] [would be] no going back from that unless the [trial court] . . . allow[ed] it." His recollection was "not 100%, but good enough." And it would have been Smith's "normal practice to explain . . . [t]hat you can appeal anything that happens after the plea[s], but you can't—once the [trial court]

---

§ 37.02(a)(1). He also admitted that he pleaded no contest to the felony offense of theft in 1990 and again in 2000.

accepts the plea[s], you cannot appeal that." He and appellant "discussed the appeal" on "several occasions." Smith remembered that once, "in passing," appellant asked him, "so we can appeal." And Smith responded "yes to that." But Smith believed that he "had already explained" the right to appeal "in detail to [appellant] before" that exchange occurred.

Smith stated that he did not recall receiving any text messages from appellant on November 29, 2019 and December 1, 2019 asking about the status of his cases. Smith did not believe he communicated with appellant between November 4, 2019—the date appellant entered his guilty pleas—and January 22, 2020—the initial date for appellant's sentencing hearing.

Smith was present when appellant pleaded guilty to the felony offenses of insurance fraud and forgery of a commercial instrument. And Smith heard the trial court give appellant the admonishments. He believed that the trial court made it clear to appellant that he was giving up his right to a trial and was instead entering guilty pleas and requesting a presentence investigation.

The trial court denied appellant's motion to withdraw his guilty pleas. The court then held appellant's sentencing hearing, at which the State and appellant both presented evidence. At the conclusion of appellant's sentencing hearing, the trial court found appellant guilty of the offenses of insurance fraud and forgery of a commercial instrument and assessed appellant's punishment at confinement for two

9

years for each offense, suspended the sentences, placed appellant on community supervision for five years for each offense, and ordered that appellant pay $2,200 in restitution related to the insurance fraud offense.

**Voluntariness of Guilty Pleas**

In his first issue, appellant argues that the trial court erred in denying his motion to withdraw his guilty pleas because the evidence showed he relied on the erroneous advice of his trial counsel in deciding to plead guilty rendering his pleas involuntary.

A defendant may withdraw his guilty plea at any time before judgment is pronounced or the trial court takes the plea under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Browning v. State*, No. 01-14 00052-CR, 2015 WL 831999, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, pet. ref'd) (mem. op., not designated for publication). A case is "under advisement" when the trial court has admonished the defendant, received the plea and evidence, and reset the case to allow a presentence investigation. *Jackson*, 590 S.W.2d at 515; *Browning*, 2015 WL 831999, at *1. Once a plea has been taken under advisement, a request to withdraw a plea is untimely, and the decision to allow or deny the request is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Browning*, 2015 WL 831999, at *1. Thus, we review the trial court's denial of appellant's motion to withdraw his guilty pleas for an abuse of discretion. *Jagaroo*

10

*v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). To show that the trial court abused its discretion when it refused to allow appellant to withdraw his guilty pleas, appellant must show that the trial court's ruling lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991); *Jagaroo*, 180 S.W.3d at 802.

A guilty plea constitutes a waiver of three constitutional rights: (1) the right to a jury trial, (2) the right to confront one's accusers, and (3) the right not to incriminate oneself. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Thus, to be consistent with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *See Boykin*, 395 U.S. at 242–44; *McCarthy*, 394 U.S. at 466; *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) ("No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and not induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

In determining the voluntariness of a guilty plea, we examine the record as a whole. *See Martinez v. State*, 981 S.W.2d 195, 196–97 (Tex. Crim. App. 1998);

11

*Rios v. State*, 377 S.W.3d 131, 136 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). When the record reflects that a defendant was duly admonished by the trial court before entering a guilty plea, it constitutes a prima facie showing that the plea was both knowing and voluntary. *Martinez*, 981 S.W.2d at 197; *Rios*, 377 S.W.3d at 136; *see Mason v. State*, 527 S.W.3d 505, 509 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences of his actions and was harmed as a result. *Martinez*, 981 S.W.2d at 197; *Rios*, 377 S.W.3d at 136. A defendant who attests that he understands the nature of his plea and that his plea was voluntary carries a "heavy burden" on appeal to show that his plea was involuntary. *Mason*, 527 S.W.3d at 509.

A plea of guilty based on misinformation is involuntary. *Labib v. State*, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Thus, if counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary. *Id.*; *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). In considering a claim that defense counsel's erroneous advice rendered the defendant's plea involuntary, we determine whether the record supports the defendant's contention that his guilty plea was induced by significant misinformation. *Russell v. State*, 711 S.W.2d 114, 116 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd); *see Brown v. State*, 943 S.W.2d 35, 42

12

(Tex. Crim. App. 1997). A defendant's uncorroborated testimony that he was misinformed by his trial counsel does not meet his burden to show that his plea was involuntary. *Labib*, 239 S.W.3d at 333; *see Fimberg*, 922 S.W.2d at 208. Where a guilty plea has been held involuntary, the record in those cases contained confirmation of the misinformation by counsel or documentation in evidence corroborating the defendant's testimony that reveals the misinformation and shows its conveyance to the defendant. *See, e.g.*, *Ex parte Griffin*, 679 S.W.2d 15, 18 (Tex. Crim. App. 1984); *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *Rivera v. State*, 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.); *Fimberg*, 922 S.W.2d at 208.

Here, the record establishes a prima facie showing that appellant entered his guilty pleas voluntarily and with knowledge of the consequences of entering them. Appellant signed and filed, in each trial court cause number, a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," stating that he was pleading guilty and admitting to the acts alleged in each of the indictments. Appellant's trial counsel also signed the "Waiver[s] of Constitutional Rights, Agreement[s] to Stipulate, and Judicial Confession[s]," affirming that he believed that appellant had entered his guilty pleas knowingly, voluntarily, and after a full discussion of the consequences of the pleas. *See, e.g.*, *Harrison v. State*, Nos. 01-18-00150-CR, 01-18-00151-CR, 2018 WL 5986140, at *5 (Tex. App.—Houston

13

[1st Dist.] Nov. 15, 2018, pet. ref'd) (mem. op., not designated for publication) (record established prima facie showing defendant entered guilty pleas voluntarily where he signed and filed "Waiver[s] of Constitutional Rights, Agreement[s] to Stipulate, and Judicial Confession[s]" (internal quotations omitted)).

Appellant also received and signed written admonishments, informing him that he had been indicted for the felony offenses of insurance fraud and forgery of a commercial instrument and the punishment ranges for the offenses. Appellant represented that he "waive[d] and g[a]ve up any time provided [him] by law to prepare for trial," was "totally satisfied with the representation provided by [his trial] counsel," "received effective and competent representation," and understood "the consequences of [his] plea[s] . . . after having fully consulted with [his] attorney." The written admonishments include findings, signed by the trial court, "that [appellant was] fully mentally competent" and his "plea[s] w[ere] freely, knowingly and voluntarily entered." And appellant's trial counsel signed the written admonishments, representing that he had advised appellant and appellant was "aware of the consequences of [his] plea[s]." *See, e.g., Harrison*, 2018 WL 5986140, at *5 (record established prima facie showing defendant entered guilty pleas voluntarily where he signed written admonishments).

Still yet, appellant signed the "Statements and Waivers of Defendant" in each trial court cause number, affirming that he was mentally competent, "underst[ood]

14

the nature of the charge[s] against" him, understood the trial court's admonishments, understood the consequences of his guilty pleas, and had consulted with his trial counsel about the pleas. Appellant also stated that he had "committed each and every element alleged" in the "Waiver[s] of Constitutional Rights, Agreement[s] to Stipulate, and Judicial Confession[s]," and freely, knowingly, and voluntarily entered his guilty pleas. *See e.g.*, *Harrison*, 2018 WL 5986140, at *5 (record established prima facie showing defendant entered guilty pleas voluntarily where he signed "Statements and Waivers of Defendant" (internal quotations omitted)).

Appellant asserts that his attempts to file his own notices of appeal before the trial court's sentencing hearing corroborate his testimony that his trial counsel did not adequately explain the appeal process and his limited right of appeal. Appellant attached his alleged pro se notices of appeal to his motion to withdraw his guilty pleas, but the record does not reveal when or if they were separately filed with the trial court.[7] *See* TEX. R. APP. P. 25.2(b), (c). Appellant also argues that his trial counsel's testimony that he was "prepared to go to trial" and that he properly advised appellant as to the consequences of entering a guilty plea lacked credibility because trial counsel was unable to specifically recall what he said to appellant about the

---

[7]     The copies scanned into the record contain a filing stamp of January 21, 2020—the date that they were filed as exhibits to appellant's motion to withdraw his guilty pleas—but nothing indicates that they were filed in the trial court independently as notices of appeal. *See* TEX. R. APP. P. 25.2(b), (c) (notice of appeal must be timely filed with trial court clerk).

15

consequences of entering a guilty plea, even though only a few months had passed since the plea hearing.

Although appellant testified at the hearing on his motion to withdraw his guilty pleas that he misunderstood the effect of his guilty pleas, appellant's testimony conflicts with his previous acknowledgment that he understood the written admonishments. In denying appellant's motion to withdraw his guilty pleas, the trial court implicitly rejected appellant's position that his pleas were involuntary. *See Reissig v. State*, 929 S.W.2d 109, 113 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (trial court not required to accept as true testimony of defendant). As the fact finder, the trial court was the sole judge of the credibility of the testimony of appellant and his trial counsel and the weight of their testimony. *See, e.g.*, *Scott v. State*, No. 01-09-00928-CR, 2010 WL 3718598, *4 (Tex. App.—Houston [1st Dist.] Sept. 23, 2010, pet. ref'd) (mem. op., not designated for publication); *see also Coronado v. State*, 25 S.W.3d 806, 810 (Tex. App.—Waco 2000, pet. ref'd) (as sole judge of credibility on motion to withdraw guilty plea, trial court was free to accept or reject all or any part of defendant's testimony). We defer to the trial court's credibility determinations in resolving this issue. *See, e.g.*, *Henderson v. State*, No. 05-04-00423-CR, 2005 WL 1331698, at *3 (Tex. App.—Dallas June 7, 2005, no pet.) (mem. op., not designated for publication) (in holding defendant did not carry

her burden to establish that her guilty plea was involuntary, deferring to trial court's credibility determination).

Smith testified that, in preparing for trial, he met with appellant and reviewed a "moderately large" amount of discovery. The questioning of Smith at the motion-to-withdraw hearing did not go into exhaustive detail about the extent of his trial preparations, but Smith stated that he "could have" gone to trial if necessary. Further, Smith was acquainted enough with appellant's cases to advise appellant, based on the evidence that Smith had seen, that he "didn't think it would be advisable" to try the cases and was "afraid it was going to be rather bloody if [they] did." Smith "suggested to" appellant "that the best way to resolve [appellant's] case[s] would be . . . to plead guilty to the charge[s] and then request a presentence investigation." Smith believed that he had explained to appellant "that once the [trial court] accept[ed] the plea[s], that there[] [would be] no going back from that unless the [trial court] . . . allow[ed] it." Smith had a general practice of admonishing a defendant about the consequences of his plea before the defendant entered his plea. And Smith's "normal practice [was] to explain . . . [t]hat you can appeal anything that happens after the plea[s], but you can't—once the [trial court] accepts the plea[s], you cannot appeal that." He and appellant "discussed the appeal" on "several occasions." The trial court was entitled to credit Smith's testimony about

17

his routine practice of explaining the consequences of a guilty plea to a defendant, acquired in his thirty years of experience in advising clients. *See* TEX. R. EVID. 406.

Because appellant did not meet his burden to show that his guilty pleas were involuntary, we hold that the trial court did not err in denying appellant's motion to withdraw his guilty pleas.

We overrule appellant's first issue.

## Ineffective Assistance of Counsel

In his second issue, appellant argues that his trial counsel did not provide him with effective assistance of counsel, which led to him entering his guilty pleas involuntarily, because counsel "did not provide explicit, clear advice to [a]ppellant about the limited scope of his appeal upon a plea of guilty without a plea bargain" and counsel "could not provide specific instances of trial preparation."

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also* TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05; *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (test for ineffective assistance of counsel same under both federal and state constitutions). To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and

(2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "[A]ppellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697.

To be valid, a plea must be entered voluntarily, knowingly, and intelligently. TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008). "Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (internal quotations omitted); *see also Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex. Crim. App. 2009) ("There is no doubt that an accused has a

Sixth Amendment right to the effective assistance of counsel in guilty plea proceedings."). A plea is not voluntarily and knowingly entered if it is made as a result of ineffective assistance of counsel. *Ulloa v. State*, 370 S.W.3d 766, 771 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

In the context of a claim that the defendant's plea is involuntary due to ineffective assistance of counsel, the defendant must show that (1) counsel's advice was outside the range of competency demanded of attorneys in criminal cases and (2) but for counsel's erroneous advice, the defendant would not have pleaded guilty and would have instead gone to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999); *Labib*, 239 S.W.3d at 333. We make the prejudice inquiry on a case-by-case basis, considering the circumstances surrounding the plea and the gravity of the alleged failure. *Ex parte Obi*, 446 S.W.3d 590, 596 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). We note that "[s]urmounting *Strickland*'s high bar is never an easy task," and "it is often quite difficult for [defendants] who have acknowledged their guilt to satisfy *Strickland*'s prejudice prong." *Padilla*, 559 U.S. at 371 & n.12.

Here, appellant did not formally raise an ineffective-assistance-of-counsel claim in his motion to withdraw his guilty pleas, but his ineffective-assistance-of-counsel argument on appeal is substantially the same as the argument raised in his motion to withdraw about why his guilty pleas were

20

involuntary. Thus, the trial court had the opportunity to consider the evidence, including the above-discussed testimony of appellant and his trial counsel, that was presented at the hearing on appellant's motion to withdraw.

In denying appellant's motion to withdraw his guilty pleas, the trial court implicitly found that appellant's pleas were voluntary. *See Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005). We have already held that appellant did not meet his burden to show that his pleas were involuntary and the trial court did not err in denying appellant's motion to withdraw him guilty pleas. Thus, because appellant entered his guilty pleas voluntarily, he is unable to show that there is no reasonable probability that, but for any alleged errors by trial counsel, appellant would not have pleaded guilty and would have instead gone to trial. *See, e.g.*, *Bell v. State*, No. 05-94-00879-CR, 1995 WL 238584, at *2 (Tex. App.—Dallas Apr. 25, 1995, no pet.) (not designated for publication) (holding defendant did not establish prejudice where defendant did not show that "he was not aware of the consequences of his plea or that his plea of guilty was unknowingly and involuntarily entered"). We hold that appellant has not established that his trial counsel provided him with ineffective assistance.

We overrule appellant's second issue.

21

## Restitution Order

In his third issue, appellant argues that the record does not support the trial court's restitution order because "[t]he restitution amount is improper" and "the case should be remanded for a restitution hearing."

Texas Code of Criminal Procedure article 42.037 authorizes a trial court to award restitution to the victim of a criminal offense and provides:

> In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense . . . . If the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order or for the limited order.

TEX. CODE CRIM. PROC. ANN. art. 42.037(a). Article 42.037 also directs the trial court, when determining whether to order restitution and the amount of restitution, to consider "the amount of the loss sustained by any victim" and "other factors the court deems appropriate." *Id.* art. 42.037(c). "Restitution is not only a form of punishment, it is also a crime victim's statutory right." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). The State bears the burden of "demonstrating the amount of the loss sustained by a victim as a result of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(k). We review a trial court's restitution order for an abuse of discretion. *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980).

The trial court must orally pronounce a sentence, including any order to pay restitution, in the defendant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). If the pronouncement makes clear that restitution is owed but does not identify the specific amount of restitution in open court and the defendant is not given an opportunity to challenge the sufficiency of the evidence or the specific amount of restitution due to each victim or recipient of restitution, the proper remedy is to vacate the award and remand the case for a hearing on restitution. *Burt v. State*, 445 S.W.3d 752, 755 (Tex. Crim. App. 2014).

In orally pronouncing appellant's sentences in these cases, the trial court stated that appellant "will pay any restitution on this case that—that is due." The trial court's written judgment for felony offense of forgery of a commercial instrument does not order appellant to pay any restitution, but the trial court's written judgment for the felony offense of insurance fraud orders appellant to pay $2,200 in restitution and includes the notation "[s]ee special finding or order of restitution which is incorporated herein by this reference."[8] The written judgments were signed by the trial court on the day of appellant's sentencing hearing.

---

[8]    The terms of community supervision appellant signed include the requirement that appellant "[p]ay $385.00 restitution" and "[p]ay $2,200.21 restitution" related to his conviction for the felony offense of insurance fraud. No restitution payment is included in the terms of community supervision related to appellant's conviction for the felony offense of forgery of a commercial instrument.

The State argues that appellant failed to preserve his restitution issue for appellate review because he did not first raise it in the trial court. Appellant asserts that he had no opportunity to object to the amount of restitution because the trial court ordered it without a formal hearing.

In *Burt*, the trial court orally pronounced that the defendant would pay restitution and told the parties to either agree on the amount or have a hearing scheduled to determine the amount, but then the trial court ordered the defendant to pay restitution in its written judgment, in the absence of the parties' agreement and without a hearing. *Id.* at 755–56. In an earlier opinion in the same case, the Texas Court of Criminal Appeals considered whether the defendant forfeited his right to raise the restitution issue on appeal by failing to raise it in the trial court. *See Burt v. State*, 396 S.W.3d 574, 578–79 (Tex. Crim. App. 2013). There, the Court held that the defendant did not forfeit error because he never had the opportunity to object: at the oral pronouncement, he could not have known that the sentence in the written judgment would be different, and when he moved for new trial, the written judgment had not yet issued, so he could not have known to include the restitution issue in the motion. *Id.* at 578. And the trial court ruled on the motion for new trial the same day it issued its written judgment, which prevented the defendant from amending the motion to include his restitution issue. *Id*. at 579.

Here, appellant faced no such obstacles. He could have filed a motion for new trial to present his challenges to the trial court's restitution order. *See* TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). Because he did not, we hold that appellant failed to preserve this issue for appellate review.[9]

To the extent that appellant, in his restitution issue, challenges the sufficiency of the evidence supporting the trial court's $2,200 restitution order in the written judgment related to the insurance fraud offense, he may raise that challenge for the first time on appeal. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Agbeze v. State*, No. 01-13-00140-CR, 2014 WL 3738048, at *7 (Tex. App.— Houston [1st Dist.] July 25, 2014, pet. ref'd) (mem. op., not designated for publication). For purposes of Texas Code of Criminal Procedure article 42.037, the State "must prove, by a preponderance of the evidence, that the loss was a 'but for' result of the criminal offense and resulted 'proximately,' or foreseeably, from the criminal offense." *Hanna v. State*, 426 S.W.3d 87, 94 (Tex. Crim. App. 2014); *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(k). Appellant, in the "Waiver of

---

[9] The State asks this Court to modify the trial court's judgment to show that the amount of restitution appellant owes is $2,585.21. Because the trial court did not orally pronounce that amount of restitution as part of the sentence, we lack the authority to make the requested modification. *See Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018).

25

Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that he executed in connection with the insurance fraud offense, stipulated that he,

> unlawfully, with intent to defraud and deceive an insurer, and in support of a claim for payment of the value of at least two thousand five hundred dollars and less than thirty thousand dollars under an insurance policy, present[ed] and cause[d] to be presented to an insurer, namely Nationwide, a statement that [appellant] knew to contain false and misleading information, to-wit: a false audit of rental income.

This judicial confession constitutes sufficient evidence for the trial court to have exercised its discretion in ordering appellant to pay $2,200 in restitution in connection with his insurance fraud offense. *See Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009) (holding defendant's judicial confession adequate to find evidence legally sufficient to support conviction, as long as it "covers every element of the charged offense"); *Lackey v. State*, Nos. 01-16-00986-CR & 01-16-00987-CR, 2017 WL 6043677, at *3 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (mem. op., not designated for publication) (judicial confession constituted sufficient evidence to support deadly weapon finding and enhancement paragraphs). We hold that sufficient evidence supports the trial court's $2,200 restitution order contained in its written judgment.

Finally, to the extent that appellant challenges the community-supervision requirements that he "[p]ay $385.00 [r]estitution" and "[p]ay $2,200.21 [r]estitution," he failed to object to those terms in the trial court and thus forfeited

26

his challenge on appeal.[10] *See Gutierrez Rodriguez v. State*, 444 S.W.3d 21 (Tex. Crim. App. 2014).

We overrule appellant's third issue.

## Modification of Judgments

The trial court's written judgments do not accurately comport with the record in these cases in that they, under the sections titled, "Terms of Plea Bargain," incorrectly state: "2 YEARS STJ PROBATED 5 YEARS AND RESTITUTION FEE" and "2 YEARS STJ PROBATED FOR 5 YEARS." Here, the record does not show that appellant pleaded guilty to the felony offenses of insurance fraud and forgery of a commercial instrument, *with* agreed punishment recommendations from the State. The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that appellant signed in each trial court cause number states that appellant made an "Open Plea to the Court," and the "Certification[s] of Defendant's Right to Appeal" reflect that the appellant's pleas were made without

---

[10] "Conditions of probation that are not objected to are affirmatively accepted as terms of the contract," as long as they are not unconscionable. *Gutierrez Rodriguez v. State*, 444 S.W.3d 21 (Tex. Crim. App. 2014). And it is not unconscionable to require restitution for stolen items or funds "that were not included in the charging instrument, but that belonged to the complaining witnesses and were stolen during the same transaction as the charged items." *Id.* Appellant points out the testimony of the complainant insurance company's policyholder during the sentencing hearing that appellant charged her $385 for a paint job that she did not want. That testimony shows that the additional restitution ordered was not unconscionable, and appellant affirmatively accepted it as a term of his community supervision related to his conviction for the felony offense of insurance fraud.

27

an agreement with the State as to punishment and that a presentence investigation was ordered.

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when [they] ha[ve] the necessary data and information to do so[] or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). Although neither party addresses the inconsistency between the trial court's written judgment and the record, our authority to correct an incorrect judgment does not depend on a request by the parties. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Dromgoole v. State*, 470 S.W.3d 204, 226 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *see also Asberry*, 813 S.W.2d at 529–30 ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.").

Accordingly, we modify the portion of trial court's judgment in trial court cause number 1560682, titled, "Terms of Plea Bargain," to delete "2 YEARS STJ PROBATED 5 YEARS AND RESTITUTION FEE," and we modify the portion of the trial court's judgment in trial court cause number 1560683 titled, "Terms of Plea

Bargain," to delete 2 YEARS STJ PROBATED FOR 5 YEARS." *See* TEX. R. APP. P. 43.2(b).

## Conclusion

We affirm the judgments of the trial court as modified.

Julie Countiss
Justice

Panel consists of Justices Hightower, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).